JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RP ESSEX SKYLINE HOLDINGS, LCC, <br><br> Plaintiff, <br><br> v. <br><br> PATRICK GILMORE; DOES 1–10, <br><br> Defendants. | Case No.: SACV 23-01809-CJC (ADSx) <br><br> **ORDER *SUA SPONTE* REMANDING CASE TO SUPERIOR COURT OF CALIFORNIA FOR LACK OF SUBJECT MATTER JURISDICTION** |

## I.  INTRODUCTION & BACKGROUND

Harriette Albert, acting *pro se*, removed this unlawful detainer action that Plaintiff RP Essex Skyline Holdings, LCC originally filed in Orange County Superior Court. (Dkt. 1 [Notice of Removal, hereinafter "Notice"]). Albert asserts "this court has jurisdiction under 28 U.S.C. §§ 1332 and 1441" as well as under § 1343, (*id.* ¶ 5–6), and

argues that removal is appropriate because "defendant will not be able to receive a fair hearing or trial in the state Superior Court for Orange County [which] will ignore any evidence if there is a trustee's deed upon [sale], whether valid or invalid, denying defendant an opportunity to be heard[,]" (Notice ¶ 11).  Albert also asserts that the case involves "a federally related mortgage."  However, Albert has not explained why these facts give rise to federal subject matter jurisdiction.

## II.   LEGAL STANDARD

A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court can assert subject matter jurisdiction over cases that involve questions arising under federal law.  28 U.S.C. § 1331.  An action arises under federal law if federal law creates the cause of action or if the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 245 U.S. 308, 314 (2005).  Federal question jurisdiction will lie over state law claims that "really and substantially" involve a dispute or controversy respecting the validity, construction, or effect of federal law.  *Id.*

Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction."  *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right

of removal in the first instance."). Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time, and if it appears that the district court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## III.   DISCUSSION

As a threshold matter, as far as the Court can tell, Albert is not a defendant in this action, and Albert does not identify her connection to the subject property. (*See generally* Notice). Rather, Plaintiff's Complaint is against Patrick Gilmore, who presumably leases the subject property, and a number of Doe defendants. (*See* Notice Ex. 1.) Albert provides no indication that she has sought to intervene or otherwise become a party to the case. "A non-party lacks standing to invoke a district court's removal jurisdiction under 28 U.S.C. §§ 1441 and 1446." *See Wells Fargo Bank, N.A v. Alvarado*, 2014 WL 5786555, at *2 (N.D. Cal. Nov. 5, 2014). If Albert is not a defendant, then removal is improper, and the action must be remanded. *See id.* at *2 ("Defendants are the only parties who are statutorily permitted to remove cases from state to federal courts.").

Similarly, Albert provides no indication that Defendant Patrick Gilmore joined in removal. Without the consent of all defendants who have been properly joined and served, the action must be remanded. *See Force v. Advanced Structural Techs., Inc.*,

2020 WL 4539026, at *3 (C.D. Cal. Aug. 6, 2020) ("[A]ll properly named and served defendants must join a removal petition for the petition to be valid.").

Even if Albert were a proper party to remove the case and did so with the other defendants' consent, removal would be improper. Albert does not assert that there is any federal-question basis for jurisdiction, and Plaintiff's Complaint, which states a single claim for unlawful detainer under California law, does not raise a federal question. (Dkt. 1 Ex. 1.)

Diversity jurisdiction is also lacking. Although Albert asserts that removal is based on 28 U.S.C. § 1332, (Notice ¶ 5), her civil cover sheet does not indicate that there is diversity jurisdiction, (Dkt 1-1 at 1). Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[,]" 28 U.S.C. § 1332(a), and that requirement has not been met because the complaint demands less than $25,000 in damages. (Dkt. 1 Ex. 1.)

Albert also does not assert any basis for jurisdiction under 28 U.S.C. § 1343. "The express language of § 1343(a)(1) and (2) provides for federal court jurisdiction over suits alleging conspiracies to deprive individuals of civil rights under § 1985, and § 1343(a)(3) is considered the jurisdictional counterpart to § 1983. … Section 1343 affords federal jurisdiction only to those Acts of Congress providing equal rights or civil rights, however, and federal courts do not have jurisdiction … over actions based on violations of federal statutes that do not provide for equal rights and were not enacted for the protection of civil rights." Subject matter jurisdiction under 28 U.S.C.A. § 1343, 2 Civ. Actions Against State & Loc. Gov't § 12:2. The Court identifies nothing indicating that jurisdiction under § 1343 would be proper.

Finally, Albert in her civil cover sheet (but not in her notice of removal) checks the

box indicating that jurisdiction is based on the U.S. government being a defendant. (Dkt. 1-1 at 1.) However, on the next page she contradictorily answers "no" to the question: "Is the United States, or one of its agencies or employees, a DEFENDANT in this action?" (Dkt. 1-1 at 2.) As far as the Court can tell, there is no basis for subject matter jurisdiction—even if Albert as a nonparty had the capacity to unilaterally remove the case from Orange County Superior Court.

## IV. CONCLUSION

For the foregoing reasons, this action is hereby **REMANDED** to Orange County Superior Court. The pending motion to proceed *in forma pauperis*, (Dkt. 2), is **DENIED AS MOOT.**

DATED: October 4, 2023

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE